UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE:  RAZZ ELECTRICAL SERVICES, LLC                    CASE 09-80493
-----------------------------------------------------------------------------------------------------------------------------
RAZZ ELECTRICAL SERVICES, LLC

**VERSUS**                                                                                    **ADVERSARY # _____**

**JOSEPH CHAD LAMARTINIERE, and**
**JULIE RENEE PEART LAMARTINIERE**
-----------------------------------------------------------------------------------------------------------------------------

## COMPLAINT TO SET ASIDE TRANSFER
## AND RECOVER PROPERTY OF THE ESTATE

The Complaint of **RAZZ ELECTRICAL SERVICES, LLC,** debtor in the above named estate, respectfully represents that:

### JURISDICTION

1. This is a core matter brought as an Adversary Proceeding pursuant to F.R.B.P. 7001, et seq., and Sections 547(b) and 544(b), and 548 of Title 11 of the U.S. Code.

2. The jurisdiction of this Court is governed by the Bankruptcy Code, as amended.

3. Jurisdiction is invoked under the above and other Federal Laws, specifically 28 U.S.C. 151, 28 U.S.C. 157, and 28 U.S.C. 1334.

### PARTIES

4. Plaintiff is a Louisiana corporation with its principal place of business located in Rapides Parish, Louisiana, and debtor-in-possession in the above named case.

5. Made defendants herein are (a.) Joseph Chad Lamartiniere, a citizen and resident of Rapides Parish, Louisiana, and (b.) Julie Renee Peart Lamartiniere, a citizen and resident of Rapides Parish, Louisiana.

## VENUE

6.  The defendants named in this Complaint are husband and wife and maintain an office, transact business, have agents, committed acts, conducted transactions and are domiciled in the Western District of Louisiana.

## FACTUAL ALLEGATIONS

7.  Razz Electrical Services, LLC filed a voluntary petition seeking relief pursuant to Chapter 11 of Title 11, of the United States Code on April 26, 2009.

8.  Joseph Chad Lamartiniere was the general manager of the debtor at all times pertinent hereto and therefore an "insider" of the debtor as that term is used under 11 USC 101(31).

9.  Joseph Chad Lamartiniere and Julie Rene Peart Lamartiniere purchased immovable property (Part of Lot 6, Block 3, of the Layssard Partition located in Section 51, T4N-R3W, Rapides Parish, Louisiana) December 5, 2007, recorded December 7, 2007, at COB 1801, Page 236, of the records of Rapides Parish, Louisiana.

10. Razz Electrical Services, LLC furnished materials and labor to construct a residence for Joseph Chad Lamartiniere and Julie Rene Peart Lamartiniere on the property described, and there remained a balance of ONE HUNDRED SEVENTEEN THOUSAND FOUR HUNDRED SEVENTEEN and .91/100's ($117,417.91) DOLLARS, for which a lien was filed and recorded December 23, 2008, at MOB 2433, Page 409, of the records of Rapides Parish, Louisiana.

11. Thereafter, pursuant to representations of imminent payment upon closing of permanent financing, the lien was authorized to be cancelled from the mortgage records by the debtor. Cancellation was requested by Act dated January 23, 2009, which act was filed and recorded at

MOB 2438, Page 257, of the records of Rapides Parish, Louisiana, and the lien was cancelled January 26, 2009.

12.     Joseph Chad Lamartiniere, as an officer, executed a 'confidentiality agreement' which prohibited the release of any information concerning the business operations of the debtor and provided that for any violation of the same he would pay attorney fees, liquidated damages, actual damages and costs of litigation to enforce the same.

13.     Joseph Chad Lamartiniere, executed a "non competition agreement" which provided that he would not engage in a similar business in the same industry in the same geographic area for a specific period of time. In default of fulfilling his promises under that agreement not to compete, the agreement provided that for any violation of the same he would pay attorney fees, liquidated damages, actual damages and costs of litigation to enforce the same.

14.     Joseph Chad Lamartiniere did, over the course of several months beginning in the Fall of 2008 and through the filing of this case by Razz Electrical Services, LLC, engage in a course of conduct which included appropriating assets of the debtor to himself, specifically tools, supplies and other movables.  He did this without authority to do so and in contravention of his obligations as an officer of the debtor.

15.     Joseph Chad Lamartiniere, over the course of several months beginning in the Fall of 2008 and through the filing of this case by Razz Electrical Services, LLC, did actively subvert the business operations of the debtor by informing its employees that they could appropriate assets of the debtor with impunity.

16. Joseph Chad Lamartiniere, over the course of several months beginning in the Fall of 2008 and through the filing of this case by Razz Electrical Services, LLC, did fail to comply with his duties as a fiduciary by numerous acts, including incurring debts in the name of the company which were in fact his debts.

### FIRST CAUSE OF ACTION

17. The cancellation of the lien was a transfer of the interest of the debtor was to or for the benefit of a creditor for on account of an antecedent debt owed by the debtor before such transfer was made, made while the debtor was insolvent, made on or within 90 days before the date of filing of the petition in bankruptcy, and would enable such creditor to receive more than such creditor would receive if the case were a case under Chapter 7 of this Title and the transfer had not been made and such creditor received payment of such debt to the extent provided by the provisions of Title 11 of the United States Code.

18. The Debtor seeks to avoid the transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under Section 502 of Title 11 or that is not allowable only under Section 502(e) of Title 11.

19. Recovery of this transfer is sought under Sections 547, 548 and/or 544(b) of the United States Bankruptcy Code.

20. Debtor made this transfer or incurred this obligation and became, on or after the date such transfer was made or such obligation was incurred, indebted or received less than reasonably equivalent value in exchange for such transfer or obligation and was insolvent on the date such transfer was made or such obligation was incurred or became insolvent as a result of such transfer or obligation, was engaged in business or a transaction or was about to engage in business or a

transaction, for which property remaining with the debtor was a unreasonably small capital or intended to incur or believe that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

21.     The acts of the defendant caused or increased the debtor's insolvency; was not made in the regular course of its business; occurred within the previous three (3) years and within one (1) year of plaintiff having discovered the same; and was done with the knowledge of its intent and therefore the transaction should be annulled and any liens or encumbrances placed on or affecting the same after the transfer should also be set aside.

22.     The transfer was made of an interest of the debtor in property to or for the benefit of a creditor (the defendant), for or on account of an antecedent debt owed by the debtor before such transfer was made; made while the debtor was insolvent, within ninety (90) days before the date of filing of the petition; or between ninety (90) days and one year before the date of the filing of the petition and the defendant was an insider; and enables the defendant to receive more than would have received if the case were a case under Chapter 7 of Title 11 of the United States Code.

## SECOND CAUSE OF ACTION

23.     There should be judgment rendered against the defendants for the amount of the lien described above, together with interest attorney fees and costs.

## THIRD CAUSE OF ACTION

24. Joseph Chad Lamartiniere caused damages to the Razz Electrical Services, LLC and contributed to its insolvency and damages for the diminution in its value as a result of those acts should be awarded to it.

## FOURTH CAUSE OF ACTION

25. Joseph Chad Lamartiniere did falsely represent that he had the authority to obligate the company (plaintiff) for goods and services which he never intended would be received by the company.

26. Heck Industries, Inc. filed a lien naming Razz Electrical Services, LLC as the owner of the residence owned by Joseph Chad Lamartiniere and Julie Rene Peart Lamartiniere at Cooks Point Dr., Boyce, La. for the sum of $11,873.00, together with expenses and costs. This lien was filed and recorded in the records of Rapides Parish, Louisiana, at MOB 2418, Page 023, instrument number 1380907 on September 25, 2008.

27. The defendants owe plaintiff the amount of the lien, any amount owed in connection with the same, interest, costs and attorney fees for bringing this action to have the same paid.

## FIFTH CAUSE OF ACTION

28. Razz Electrical Services, LLC seeks judgment for the amount of the services and materials performed and furnished to the defendants, that is, the sum of $117,417.91, together with interest thereon from the date of the filing of the lien.

## SIXTH CAUSE OF ACTION

29. Razz Electrical Services, LLC seeks judgment for the damages it sustained due to the misappropriation of its assets by Joseph Chad Lamartiniere, together with interest thereon from the date of the misappropriation.

## SEVENTH CAUSE OF ACTION

30. Razz Electrical Services, LLC seeks judgment for the loss it sustained due to the acts of Joseph Chad Lamartiniere in defaming the debtor as well as its other others as well as its diminution in its value as a result.

31. Razz Electrical Services, LLC seeks judgment for the actions of Joseph Chad Lamartiniere in contacting its customers and informing them of the poor financial condition of the debtor at a time when the debtor was not insolvent, thereby contributing to, or deepening its insolvency. Razz Electrical Services, LLC should be compensated for the diminution in its value as a result of the acts of the defendant.

## **EIGHTH CAUSE OF ACTION**

32. The officers of the debtor owe an obligation of fidelity to it and are its fiduciaries. Joseph Chad Lamartiniere failed to comply with those obligations.

33. Razz Electrical Services, LLC seeks judgment for failure of Joseph Chad Lamartiniere to abide by his fiduciary obligations to it and damages for the diminution in its value as a result of the acts of the defendant.

## **NINTH CAUSE OF ACTION**

34. Razz Electrical Services, LLC seeks judgment for the failure of Joseph Chad Lamartiniere, to comply with the terms of the 'confidentiality agreement'. It seeks attorney fees, liquidated damages, actual damages and costs of litigation to enforce the same.

35. Joseph Chad Lamartiniere, during his employment with the company and thereafter, did discuss, publish and release information concerning the business operations of Razz Electrical Services, LLC, with its competitors, prospective purchasers, creditors, and various other persons and entities with whom he was obligated not to so.

## TENTH CAUSE OF ACTION

36.     Razz Electrical Services, LLC seeks judgment for the failure of Joseph Chad Lamartiniere to comply with the terms of the "non competition agreement". It seeks attorney fees, liquidated damages, actual damages and costs of litigation to enforce the same.

37.     Joseph Chad Lamartiniere failed to comply with the terms and provisions of the "non competition agreement" by actively pursuing and obtaining employment in a similar business in the same industry in the same geographic area during the specific period of time covered by the agreement.

## ELEVENTH CAUSE OF ACTION

38.     Razz Electrical Services, LLC seeks judgment against Joseph Chad Lamartiniere for conspiring with others to reduce the value of it so that they could obtain its assets, customers, contracts, and share of the industry at a very low price.

39.     Joseph Chad Lamartiniere did actively engage in joint business operations with entities and individuals to do so subvert the business operations of the plaintiff as well as providing damaging information to the customers of the plaintiff with the intent to obtain the cancellation of contracts with the company.

40.     The actions of Joseph Chad Lamartiniere in combination with these others individuals and entities caused a loss in the value of the plaintiff for which it should be compensated.

**WHEREFORE, RAZZ ELECTRICAL SERVICES, INC. PRAYS** that there be judgment herein against **JOSEPH CHAD LAMARTINIERE,** and **JULIE RENEE PEART LAMARTINIERE**

reinstating the lien, and awarding judgment for the amount of the damages it sustained, together with liquidated damages, attorney fees, interest and costs of these proceedings.

                                      **LAW OFFICE OF,**

                                      **/S/ THOMAS R. WILLSON**
                                      **THOMAS R. WILLSON (#13546)**
                                      **P.O. DRAWER 1630**
                                      **ALEXANDRIA, LOUISIANA 71309**
                                      **ATTORNEY FOR DEBTOR**
                                      **PH. #318/442-8658**
                                      **FAX 318-442-9637**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE: RAZZ ELECTRICAL SERVICES, LLC     CASE 09-80493

---

RAZZ ELECTRICAL SERVICES, LLC

**VERSUS**     **ADVERSARY # \_\_\_\_**

JOSEPH CHAD LAMARTINIERE, and
JULIE RENEE PEART LAMARTINIERE

---

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF RAPIDES**

BEFORE ME, the undersigned authority, personally came and appeared **FRANKIE LYNN RASBERRY**, who, after being by me personally sworn did depose and say that he has read all of the above and foregoing allegations and that the same are true and correct to the best of his knowledge, information and belief.

      **/S/ FRANKIE LYNN RASBERRY**
      FRANKIE LYNN RASBERRY

SWORN TO AND SUBSCRIBED before me, Notary, this **18th** day of August, 2009, at Alexandria, Louisiana.

      **/S/ THOMAS R. WILLSON**
      NOTARY PUBLIC