**SO ORDERED.**

**SIGNED November 10, 2009.**



_____
HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE: RAZZ ELECTRICAL SERVICES, LLC.                CASE NO. 09-80493

RAZZ ELECTRICAL SERVICES, L.L.C.

VERSUS                                               ADVERSARY NO.09-8026

JOSEPH CHAD LAMARTINIERE
JULIE RENEE PEART LAMARTINIERE

**MEMORANDUM OPINION**

Defendants filed the above-captioned Motion to Dismiss the complaint by Razz Electrical Services, L.L.C., as plaintiff, seeking recovery under 11 U.S.C. § 547(b), 544(b) and 548. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), (H), (K) and (O). This Court has jurisdiction pursuant to 28 U.S.C. §1334 and by virtue of the reference of the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local Bankruptcy Rule 9029.3. No party has sought to withdraw the reference, nor has the District Court done so on its own motion. The Court makes the following findings of fact and conclusions of law in accordance with F.R.B.P. 7052 and

F.R.C.P. 52(a)(3).

Razz Electrical Services, L.L.C., filed a voluntary petition under Chapter 11 on April 26, 2009. The debtor filed this adversary complaint on August 18, 2009, alleging that defendant was the general manager of the debtor and thus an "insider" as defined in 11 U.S.C. § 101(31). Defendants allegedly purchased property in Rapides Parish, Louisiana, on December 5, 2009, for a residence. Razz allegedly furnished materials and labor to construct a residence on the property. Razz filed a lien to enforce a balance due of $117,417.91 on December 23, 2008, in the public records. However, based on alleged representations of a closing with permanent financing, the lien was canceled.

In connection with his employment, Lamartiniere executed a "confidentiality agreement" and "non-competition agreement," providing he would not engage in a similar business in the same industry for a specific period of time, which included damages for breach. Razz alleges that Lamartiniere engaged in a course of conduct beginning in the Fall of 2008 by appropriating corporate assets for his own use, violating his obligations as an officer, and allegedly subverting the business operations of the debtor by informing employees they could appropriate assets of the debtor with impunity. Defendant is further alleged to have failed to comply with his duties as a fiduciary by various acts, including incurring debts in the company name that were in fact personal debts.

The plaintiff further alleges that the cancellation of the lien was a transfer of the interest of the debtor to or for the benefit of a creditor on account of an antecedent debt, made while debtor was insolvent, within 90 days before the filing of the petition, that would enable the creditor to receive more than the creditor would receive if the case were a case under Chapter 7 and the transfer had not been made and such creditor received payment of such debt to the extent provide by the

2

provisions of Title 11.  The debtor seeks to avoid the transfer under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. §502 and under Sections 547, 548 and/or 544(b). The acts of the defendant allegedly increased the debtor's insolvency, were not made in the regular course of its business, occurred within the previous three years and within one year of actual discovery by plaintiff.  Razz seeks judgment against the defendants for the amount of the lien, together with interest, attorney fees and costs.

Razz further alleges that Lamartiniere falsely represented he had the authority to obligate the company for goods and services which he never intended would be received by the company, and, thus, for his personal use.  Yet another lien was filed by Heck Industries, Inc., naming Razz as the owners of the Lamartiniere residential tract.  Recovery for this lien is sought, together with damages for allegedly defaming debtor and its other "others" [sic-presumably officers], breach of fiduciary duty, damages for its diminution in value, and expressly for violation of the confidentiality agreement, particularly the efforts of Lamartiniere in "actively pursuing and obtaining employment in a similar business in the same geographic area during the specific period of time covered by the agreement," and, finally, conspiring with others to reduce the value of the debtor's business, subverting its business operations, and providing damaging information to its customers with the intent of obtaining the cancellation of contracts with the company.

The Lamartieneres seek the dismissal of the complaint for failure to state a claim on which relief can be granted. In a supporting memorandum, they allege that the defendants are not alleged to be creditors of Razz and thus cannot have received a preferential transfer under §547, also asserting there could not have been an antecedent debt owed by Razz to defendants, which would likewise, they claim, prevent recovery under that section.  Razz, in a memorandum in opposition,

3

suggests that this approach simply ignores the allegations that Razz was a creditor of the Lamartieneres as to the lien on the residence, particularly the allegations that Lamartieniere was an insider and that the transfer (the cancellation of the lien) benefitted the defendant. ¶22.

Following the well-settled rule that motions to dismiss are not favored, and that "all well-pleaded facts must be viewed in the light most favorable to the plaintiff" a motion to dismiss "should be granted only if it is evident the plaintiff cannot prove any set of facts entitling them to relief." *In re Financial Acquisition Partners*, 440 F.3d 278, 286 (5th Cir. 2/14/2006).

The defendants further seek dismissal on the basis that the alleged non-compete agreement between the parties contains not only a choice of law provision (providing that matter must be brought in the Ninth Judicial District Court for Rapides Parish) but also that arbitration is required under the contract. The contract was signed by Lamartieniere on December 11, 2008, although there is a conflicting date of December 11, 2000, in the first paragraph. Defendants rely on the "2000" date in their memorandum, but the debtor's statement of affairs states that the business was not incorporated until 2004. (Statement of affairs, ¶18.) Plaintiff alleges breach of duty of the defendant as an officer, without stating the date of such appointment. Neither the complaint, the motion to dismiss, nor the memorandums of the parties explain this anomaly.

While bankruptcy courts may abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with state court or respect for State law;" the bankruptcy court retains significant discretion to assess whether arbitration would be consistent with the purpose of the Code, "including the goal of centralized resolution of purely bankruptcy issues." 28 U.S.C. §1334(c)(1); *Insurance Co. of North America v. NGC Settlement Trust (In re National Gypsum Co.)* 118 F.3d. 1056, 1069 (5th Cir. 7/24/1997). Given the lack of specificity as to the dates of the defendant's

4

employment with the debtor, his appointment as an officer, and the erroneous dates of the agreement, the Motion will be dismissed without prejudice. A separate and conforming order will enter.

# # #